(Reap. Dec. 9323)

FINWOOD INDUSTRIES, INC. *v.* UNITED STATES

Entry Nos. 249; 930.

(Decided February 24, 1959)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: Counsel for the parties have stipulated and agreed in these cases as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto that the merchandise involved in the Appeals to Reappraisement enumerated above consists of plywood exported from Finland in the year 1955 and that the merchandise is properly dutiable on the basis of the foreign market value as defined in Section 402(c) of the Tariff Act of 1930, as amended.

IT IS FURTHER STIPULATED AND AGREED that the market value or the price at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for home consumption including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the appraised unit values less 4% packed.

IT IS FURTHER STIPULATED AND AGREED that there was no higher export value for merchandise such or similar to the merchandise herein at the time of exportation thereof and that the stipulation is limited to the invoices where the merchandise was advanced in value and appraised on the basis of the home market value; that with respect to invoices embraced in such appeals where appraisement was made on the basis of the entered invoice unit values said appeals are herewith abandoned with respect to such invoices.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement referred to herein may be submitted on this stipulation.

On the agreed facts, I find that foreign value, as defined in section 402(c), as amended, Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved in the appeals for reappraisement enumerated above and that, as to the items of merchandise covered by the said appeals which were advanced in

value and appraised on the basis of home market value, such foreign value was the appraised unit value, less 4 per centum packed. As to the items of merchandise covered by the said appeals where appraisement was made on the basis of the entered invoice unit values, the said appeals for reappraisement, having been abandoned, are to that extent dismissed.

Judgment will issue accordingly.